```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

LORETTA L. SMITH,

       Plaintiff,

v.                                       Civil Action No. 5:12CV98
                                                                   (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I.  Procedural History

On February 14, 2011, the plaintiff in this civil action filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act, claiming that she suffered from disability beginning October 1, 2010.  The plaintiff claimed disability as a result of bipolar disorder, depression, and anxiety.  Her application was denied both initially and upon reconsideration.  The plaintiff requested a hearing on the matter and such hearing was held on April 12, 2012, before Administrative Law Judge ("ALJ") Mark M. Swayze.  The ALJ affirmed the denial of benefits on the grounds that the plaintiff was not disabled as that term is defined by the Social Security Act.  The plaintiff then requested a review by the Appeals Council but was denied.

Thereafter, the plaintiff filed this action against the Commissioner of Social Security ("Commissioner") seeking judicial

review of the adverse decision entered against her. After filing her complaint with this Court, the plaintiff filed a motion for summary judgment. The defendant did not respond to this motion, but the defendant did file a separate motion for summary judgment. United States Magistrate Judge John S. Kaull reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this matter be dismissed. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff thereafter filed timely objections arguing that: (1) the magistrate judge was incorrect in using evidence not relied upon by the ALJ in finding that the ALJ properly considered Dr. Goodykoontz's opinion; (2) the magistrate judge was incorrect in using evidence not relied upon by the ALJ in finding that the ALJ provided valid reasons supporting the unfavorable credibility finding; and (3) the magistrate judge was incorrect in finding that the ALJ did not selectively cite to the record evidence in making his credibility determination.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous. Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In her motion for summary judgment, the plaintiff argues that: (1) the ALJ erred because he failed to properly consider the opinion of her treating physician, Dr. Goodykoontz; and (2) the ALJ erred because he failed to provide valid reasons supporting the unfavorable credibility finding. In the defendant's motion for summary judgment, the defendant asserts that: (1) the plaintiff failed to meet her burden of proving that she was disabled under the Act; (2) the ALJ followed the controlling regulations in evaluating the opinion evidence; and (3) the ALJ followed the controlling regulations in finding plaintiff's complaints not entirely credible.

"Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported

by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). The magistrate judge addressed the plaintiff's assignments of error in turn and found that substantial evidence existed to support the ALJ's findings.

A. Treating physician

As indicated above, the plaintiff claims that the ALJ erred because he failed to properly consider the treating physician's opinion. In making this claim, she first argues that the ALJ specifically erred by failing to set forth a discussion of each of the factors contained in 20 C.F.R. §§ 404.1527(d) and 416.927(d). After reviewing the ALJ's opinion, however, the magistrate judge found that "[t]he ALJ's decision was 'sufficiently specific to make clear . . . the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" ECF No. 14 *29 (quoting Pinson v. McMahon, No. 3:07-1056, 2009 WL

763553 (D.S.C. Mar. 19, 2009)). In making this finding, the magistrate judge put forth specific pieces of evidence that the ALJ considered in making his decision. See ECF No. 14 *30-31. Such evidence includes information from other physicians who treated the plaintiff. The magistrate judge stated that this information provides support for the ALJ's finding that Dr. Goodykoontz's opinion was "inconsistent with the full longitudinal record[,]" was not supported by the record, and would thus be accorded little weight. ECF No. 6 Ex. 2 *15.

The plaintiff objects to these findings, arguing that the ALJ did not rely on any of the evidence that the magistrate judge used to support the ALJ's rejection of Dr. Goodykoontz's opinion. The plaintiff contends that this is post hoc reasoning, which is improper because federal courts must judge the ALJ's decision solely on the reasoning set forth by the ALJ. This Court, however, finds that the plaintiff's objection is without merit. The ALJ issued a detailed opinion, outlining the findings of the different doctors, including the plaintiff's treating physician. See ECF No. 5 Ex. 2. The plaintiff seems to take issue with the magistrate judge's findings because the information he cites to illustrate that there was substantial evidence for the ALJ's findings was not included in the same paragraph as the ALJ's statement that Dr. Goodykoontz's opinion was inconsistent with the record. This, however, is inconsequential as courts reviewing an ALJ's findings

are to review the entire record to determine whether substantial evidence exists for those findings. Siburt v. Secretary of Health and Human Services, 526 F. Supp. 1087, 1088 (N.D. W. Va. 1981) ("[I}t is the Court's duty to closely scrutinize the entire record to determine if substantial evidence for the Secretary's decision is present.") (citing Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969)).

"Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). Further, when a "physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). After a de novo review of the entire record, and more specifically the entirety of the ALJ's opinion, this Court agrees with the magistrate judge's findings. The opinions of Dr. Goodykoontz are inconsistent with the record. Specifically, Dr. Goodykoontz's opinion was inconsistent with the plaintiff's daily activities (see ECF No. 6 Ex. 2 *15), with her treatment history (see ECF No. 6 Ex. 2 *15-16), and with the other physician's findings and examinations (see ECF No. 6 Ex. 2 *15-17). Therefore, it was proper for the ALJ to

accord "little weight" to Dr. Goodykoontz's opinion.  See ECF No. 6 Ex. 2 *18.

The plaintiff also argues that the ALJ erred in rejecting Dr. Goodykoontz's opinion because of Dr. Goodykoontz's general finding that plaintiff was unable to work due to her disability.  The magistrate judge found this argument to lack merit, and this Court agrees.  As explained above, the ALJ accorded little weight to Dr. Goodykoontz's opinion because of its inconsistencies with the entirety of the record.  After stating that Dr. Goodykoontz's opinion was inconsistent, the ALJ then stated that "to the extent that [Dr. Goodykoontz] opines on the ultimate issue of disability, these opinions tread on an issue reserved for the Commissioner."  ECF No. 6 Ex. 2 *18.  As the magistrate judge indicated, such a statement is correct.  As other courts have indicated, "statements that a claimant could not be gainfully employed 'are not medical opinions but opinions on the application of the statute, a task assigned solely to the discretion of the [Commissioner].'"  Cruze v. Chater, 85 F.3d 1320, 1325 (8th Cir. 1996) (quoting Nelson v. Sullivan, 946 F.2d 1314, 1316 (8th Cir. 1991).  Therefore, it was not in error that the ALJ accorded such opinions with little weight.

B.   Credibility determination

The plaintiff next argued that the ALJ erred in assessing the plaintiff's credibility.  The plaintiff specifically argues that

7

the ALJ's credibility determination was flawed because it took into account her filing an application for benefits, because the ALJ only cited certain portions of the record and the testimony, and because it ignored the medical opinions that addressed the plaintiff's credibility. The defendant, however, argues that the ALJ's credibility determination is supported by the evidence.

As the magistrate judge indicated, in the United States Court of Appeals for the Fourth Circuit, a two-step process exists for determining whether a person is disabled by pain or other symptoms. See Craig v. Charter, 76 F.3d 585, 594-96 (4th Cir. 1996). First, the ALJ must determine whether the claimant has a medical impairment that could reasonably cause the alleged symptoms. Id. at 595. Then, the ALJ must expressly consider whether the plaintiff has the impairment alleged and must consider all of the evidence, including the plaintiff's own description of symptoms. Id. at 594-596. An ALJ's credibility determination is subject to reversal only if the plaintiff demonstrates that it was "'patently wrong.'" Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000) (quoting Herr v. Sullivan, 912 F.2d 178, 181 (7th Cir. 1990)).

While the ALJ did find that the plaintiff's impairments could reasonably be expected to cause the alleged symptoms and impairments, the ALJ found that the plaintiff's statements concerning the impairments limiting effects were not entirely credible. The magistrate judge found that in making this

determination, the ALJ discussed, considered, and weighed the objective evidence. Specifically, he found that the ALJ evaluated the evidence from those physicians involved in the treatment and evaluation of the plaintiff, including her treating physician. Further, the magistrate judge found that the ALJ adequately identified inconsistencies in the plaintiff's statements and did not engage in any selective citation, as he reviewed those statements contained in the Function Report, those she made to a physician involved with her evaluation, and those she made during the administrative hearing. Based on this finding and a review of the record, the magistrate judge determined that substantial evidence supports the ALJ's credibility determination.

The plaintiff objects to the magistrate judge's finding arguing that the magistrate judge relied on evidence not included in the ALJ's reasoning regarding the plaintiff's credibility. Specifically, the plaintiff argues that the magistrate judge should not have relied on any of the evidence from the physicians involved with the plaintiff's treatment and evaluation, as that evidence was not found in the portion of the ALJ's opinion which addressed the plaintiff's credibility. As this Court previously noted above, courts reviewing an ALJ's findings are to review the entire record to determine whether substantial evidence exists for those findings. Siburt, 526 F. Supp. at 1088. The ALJ made a finding as to the plaintiff's credibility. The magistrate judge and this

Court are not confined to the section in which that finding was made, but rather are entitled to review the entire record to determine if substantial evidence exists to support that finding.

The plaintiff next objects to the magistrate judge's finding concerning the ALJ's opinion that the plaintiff's statements were inconsistent. Specifically, the plaintiff continues to assert her argument that the ALJ selectively cited to the record evidence in finding that the plaintiff made inconsistent statements, and the magistrate judge was wrong to find otherwise. After a <u>de novo</u> review of the record, however, this Court disagrees with the plaintiff's contention and finds that the ALJ did not selectively cite to the evidence in the record.

As the magistrate judge indicated, the ALJ reviewed all of the plaintiff's statements that were contained in the record, including those made at the administrative hearing. <u>See</u> ECF No. 6 Ex. 2 *15. While the ALJ did paraphrase the plaintiff's testimony made at the administrative hearing, this Court finds that the description provided by the ALJ of that testimony, which was that the plaintiff said she got up in the morning, ate, and laid around the house, was consistent with the answer she provided to the ALJ question concerning her daily activities during the hearing. This Court recognizes that the answer that the plaintiff provided to the ALJ did include other things such as changing her baby's diaper and getting the baby food. <u>See</u> ECF No. 6 Ex. 2 *49-50. The remainder

of the plaintiff's answer, however, consisted of her explaining that her husband usually cares for her children and does the household chores. Id. The ALJ indicated that this testimony was inconsistent with testimony that she provided in other instances. Specifically, when she told a physician involved in this action that she was able to maintain her personal hygiene, occasionally clean, wash dishes, and do laundry. Further, she indicated to this same doctor that normally she supervised her children's homework, made their dinner, and supervised their baths and bed routines. While, the ALJ did not also include the plaintiff's statements to the doctor that she did not do yard work, rarely grocery shopped, rarely ran errands, rarely drove, occasionally sat on the porch, and rarely read, this does not equate to selective citation by the ALJ. The ALJ sufficiently showed how the plaintiff's testimony during the hearing differed from those statements made to that particular doctor. There is nothing that requires the ALJ to also cite the consistencies with such testimony. As such, substantial evidence supports the ALJ's findings concerning the plaintiff's credibility, as this Court agrees that inconsistencies existed in the plaintiff's testimony on record.

## IV. Conclusion

Based upon a de novo review, the magistrate judge's report and recommendation is hereby AFFIRMED and ADOPTED in its entirety. Thus, for the reasons stated above, the defendant's motion for

11

summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    July 18, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE